AGRICULTURAL BOND & CREDIT CORPORATION, Appellant,
vs. AUGUST BRANDT COMPANY, Respondent.

*December 8, 1930—March 10, 1931.*

50

For the appellant there was a brief by *Benton, Bosser & Tuttrup* of Appleton, and oral argument by *Roger R. Tuttrup*.

*Mark Catlin* of Appleton, for the respondent.

The following opinion was filed January 13, 1931:

OWEN, J. If this transaction by which the plaintiff invested its money in the conditional sale contract upon the sole faith and credit of Thiel's responsibility be an honest one, then it is a tribute to the financial genius of the defendant or betrays an unusual naiveté on the part of the plaintiff's managing officers. Stated in skeleton terms, the August Brandt Company sold to Thiel a tractor, plow, and disc harrow in 1926 upon a conditional sale contract. It sold this contract to the Peoples Loan and Finance Company of Appleton. By February, 1928, Thiel had not paid a cent on the contract. His inability to pay was fully established. The Peoples Loan and Finance Company despaired of any further effort to collect from Thiel, and demanded settlement of the August Brandt Company by virtue of its secondary liability. The Brandt Company then secured a new conditional sale contract from Thiel and sold it to the plaintiff without recourse. The plaintiff bought it on the theory that it was an original transaction, in which case its investment in the contract is justified by its experience in doing

business in forty-seven states. That which the plaintiff did not know was, that the transaction was one of refinancing, that the original sale took place two years before, that the first financing concern failed to collect from Thiel, and that Thiel was unable to meet his payments upon the first conditional sale contract. Any one knows that this was a circumstance of material moment in passing upon Thiel's credit. The plaintiff did not have an agent in the state of Wisconsin, and in its purchase of this contract it relied exclusively upon the conditional contract of sale, its accompanying documents, and the representations made by the defendant which it considered in the light of its experience.

An examination of the conditional sale contract, its accompanying documents, and the representations made by the defendant to induce the plaintiff to invest in the conditional sale contract, fails to reveal any express representation that the transaction was an original one and not a refinancing proposition. We do find, however, representations which compel the conclusion that the transaction was an original one. This appears from the terms of the contract and from the date thereof. It is provided by the contract that "The undersigned seller hereby sells, and the undersigned purchaser hereby purchases, subject to the terms and conditions hereinafter set forth, the following property." The property is then specifically described, and the contract is dated February 28, 1928. Upon the reverse side of this contract we find a statement signed by Aug. Brandt Co., headed "Dealer's Recommendation and Assignment to Agricultural Bond & Credit Corporation," wherein it is stated, among other things, that "For the purpose of inducing you to purchase the within contract signed by the within named 'purchaser,' and assigned by the undersigned, the undersigned . . . warrants to you that, at the time of the transaction of which this is a part, the title to the aforesaid property was vested in the undersigned free and clear of all liens and

incumbrances, and that the undersigned has the right to assign such title." The only possible conclusion arising from these representations is that the sale was an original one.

The fact is that August Brandt Company had no title whatever to this machinery at the time of the execution of the conditional contract of sale February 28, 1928. It had executed a similar conditional contract of sale in 1926, which it had assigned to the Peoples Loan and Finance Company of Appleton, and the representation that it owned the machinery February 28, 1928, was absolutely false; and it was plainly a material representation as, if the fact had been made known, it would have appeared that the transaction was a refinancing of a former transaction upon which Thiel had failed to meet the obligations. Furthermore, the contract of sale was accompanied by a property statement signed by Thiel in which it was declared that he was owner of personal property of the value of $6,000 upon which there was an incumbrance of only $600. Thiel testified upon the trial that he did not own any of this property, and that while his name was appended to this property statement he never represented to the defendant that he was the owner of this property. In fact, his testimony was to the effect that the defendant knew that he did not own any property; that the property statement was filled out by Lautenschlager, the defendant's assistant manager, and was submitted to him to sign as a mere matter of form; that he did not read the statement and did not know what was in it at the time of signing. True, Lautenschlager claims that Thiel told him that he owned this property and specified its value as set down in the property statement. But whether Thiel or Lautenschlager be correct is immaterial. The fact is that its letter of transmittal of the conditional sale contract to the plaintiff contains this statement: "This party is honest and hard worker. He is renting his mother's farm which he will inherit some day, but owns all the personal prop-

erty, without any incumbrances." Here is a representation made by the defendant that Thiel owned the personal property mentioned in the property statement which accompanied the contract of sale and which was intended to be and was an inducement to the purchase of the contract by the plaintiff. It matters not that the defendant knew whether or not Thiel owned this property. It did represent the fact to be that he did own it. It is well settled that one cannot escape the consequences of one's misrepresentation on the ground that one did not know it to be false, or that one believed it to be true. When a representation is made which induces another to act in reliance upon the truth of such representation, the one who makes the representation does so at his peril and cannot avoid the consequences if the representation proves to be false. This is well settled law in this state. *De Swarte v. First Nat. Bank,* 188 Wis. 455, at p. 465 (206 N. W. 887), and cases there cited.

Another misrepresentation appearing upon the face of the conditional contract of sale was that Thiel had made a down payment of $240. The fact is that he had paid nothing down. He gave a chattel mortgage on a used automobile to secure the sum of $240. The inference arising from the face of the bill of sale is, that he had made a cash payment of $240, which fact would have quite a different bearing upon his credit rating than the admitted fact that he was driven to secure the $240 by a chattel mortgage upon an old automobile. In addition to all this, the property statement contains a further misrepresentation to the effect that Thiel had never previously purchased equipment on deferred payments. This the defendant certainly knew was false; because Thiel had purchased the identical property which was the subject of the contract of conditional sale, from the defendant itself two years previously, and to the knowledge of the defendant had failed to make his payments on such contract. In its letter of transmittal the defendant said that it

believed this statement, as all other statements in the property statement, to be true. It certainly knew that this statement was not true. This incident is cumulative evidence that the entire transaction was one conceived and carried out by the defendant with a purpose and intention of palming off onto the plaintiff a conditional contract of sale with one who in all probability would be unable to meet the obligations he assumed. No one not simple-minded, knowing what the defendant knew of Thiel's responsibility, would have invested money in this contract. The transaction is permeated with fraud from beginning to end. The various contentions of the respondent that the representations herein discussed were not material, that the plaintiff had no right to rely upon them, and that they were either waived or that the plaintiff is estopped from asserting them, are so plainly untenable that discussion thereof seems unnecessary.

The plaintiff submitted to the court findings of fact which were not only sustained but which are compelled by the evidence. These findings of fact with their accompanying conclusions of law should have been made and found by the court. It was the only proper disposition of the case.

*By the Court.*—Judgment reversed, and cause remanded with instructions to make findings of fact and conclusions of law in accordance with those requested by the plaintiff, and to enter judgment accordingly.

A motion for a rehearing was denied, with $25 costs, on March 10, 1931.